IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALFRED MUSA
   Plaintiff

V.

AT&T Mobility Services, LLC.
   Defendant

Civil Action NO. GLR-19-3312

## Motion For Reconsideration Pursuant to Fed. R. Civ. P 59(e)

On November 18, 2019, self-represented plaintiff Alfred Musa filed the above-captioned complaint against Defendant AT&T Mobility Services, LLC.

On November 26, 2019 This court issued an order dismissing Musa's complaint by construing and instituting it as a 42 U.S.C §1983 action against AT&T.

After this court construed and instituted Musa's complaint as a 42 U.S.C §1983 action against AT&T, this court's reasoning for dismissing Musa's complaint is that 1) AT&T is not a state actor nor does it have a sufficiently close relationship with a state actor, 2) Even if AT&T was a state actor, Musa's claim is precluded by the Rooker-Feldman doctrine.

Musa Now Humbly Asks this Honorable Court to reconsider it's order and reinstate his Action Against ("AT&T") to proceed on the basis that, 1) This court "ERRED" by construing and instituting his complaint as a 42 U.S.C § 1983 Action against AT&T, 2) Had this court not "ERRED", Musa's complaint would not be precluded by the Rooker-Feldman doctrin.

Musa's position is that inorder for this court to construe and institute his complaint as a 42 U.S.C § 1983 action Against AT&T, Musa would have "To Allege" 1) That AT&T ("which is a private company") conspired with state officials to deprive him of his constitutional rights. 2) Musa would have to Allege that AT&T was taking orders from state officials to provide false information. 3) Musa would have to allege that AT&T had knowledge that state officials Altered and manipulated it's network's call and cell location data and allowed it to go uncorrected because of any relationship it had with state officials.

Musa's complaint does not contain any of these 3 Allegations, nor does musa's complaint gives any indication or impression that he is asserting that AT&T was or is a state Actor,

or helped State officials in "Framing Musa" and "Defrauding This Court".

Instead, Musa's complaint is centered on
1) AT&T's Negligence of not protecting their network's call and cell location data from bein Altered and manipulated.
2) AT&T's "Lack of knowledge" of their network's call and cell location data being compromised by State officials.
3) AT&T's Negligence in not Analyzing it's call and cell location data before providing phone records to Musa's Attorney or Federal prosecutors which would have enabled them to detect and realize their network's data has been Altered and manipulated, and compromised
4) AT&T's negligent misrepresentation that phone records provided were true and accurate.

In Musa's Complaint, their is indication and the impression and Allegation that, 1) AT&T did not have knowledge that the phone records provided to Musa's attorney or Federal prosecutors were false, and the data in their network's data were Altered, manipulated and compromised by state officials.

Musa's complaint is a clear case of Negligence and Negligent misrepresentation by ("AT&T") which holds Them liable for damages caused to musa, which could and should proceed under The Authority of 28 U.S.C§1331 and 28 U.S.C§1332.

Musa's Complaint Against AT&T was not an action under 42 U.S.C§1983 and He has Clairified his position in this motion for Reconsideration.

Therefore Musa Humbly, and Respectfully Asks this Honorable Court to reconsider it's order made on november 26, 2019, and Reinstate His Complaint Against AT&T and allow His complaint to proceed.

Alfred Musa #3400292   Alfred Musa   November 30, 2019
401 E. Madison St
Baltimore Md 21202

Dear Court Clerk please file This motion For Reconsideration under civil Action 19-3312 Thank you very much.

Alfred Musa #340029    November 30, 2019
401 E. madison st
baltimore md 21202